IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**WILLIAM FREDERICK DOUGLAS, III**                                        **PLAINTIFF**

**VS.**                      **CIVIL ACTION: 1:17cv178-LG-RHW**

**EVAN HUBBARD,** *et al.*                                                      **DEFENDANTS**

## REPORT AND RECOMMENDATION

While incarcerated at Harrison County Adult Detention Center (HCADC), William Frederick Douglas, III filed this *pro se* prisoner civil rights case pursuant to 42 U.S.C. § 1983 on June 19, 2017. Mr. Douglas (inmate # 94330) filed a change of address September 18, 2017, showing he was located at Unit 2-C, Zone B, # 89, P.O. Box 88550, Pearl, MS 39208. [20] On November 20, 2017, Mr. Douglas changed his address to: George County Correctional Facility, E-#17, 154 Industrial Parkway Road, Lucedale, MS 39452. [26] Defendants answered the lawsuit [24], [27], and on November 21, 2017, the Court set the case for a screening/omnibus hearing on April 4, 2018. [30] The same day, due to a conflict with Defense Counsel's schedule, the Court reset the hearing to April 11, 2018. [31], [32] The docket reflects the Court mailed copies of both orders to Mr. Douglas at his docket address.

On December 11, 2017, the Clerk changed Mr. Douglas' address to: George County Correctional Facility, Unit E-#14, 154 Industrial Parkway Road, Lucedale, MS 39452, to correspond with the return address on the envelope containing document [37]. Mr. Douglas changed his address on December 21, 2017 to: C/B # 115, HCADC, 10451 Larkin Smith Dr., Gulfport, MS 39503. [42] On March 6, 2018, he filed a change of address to: CMCF, Bldg F, B-Zone # 170, P.O. Box 88550, Pearl, MS 39802 on March 6, 2018. [44] This is the last address Mr. Douglas provided the Court and remains his address on the docket in this case.

On March 16, 2018, while he was still at CMCF, Mr. Douglas filed a motion requesting that the hearing scheduled for April 11, 2018 be reset, because he had:

> ... made parole as of 02/01/18, but will not be released until 04/10/18, at least and will not have the time nor the means of obtaining suitable counsel to represent him! ... The Plaintiff doesn't have the means nor the time to obtain proper/suitable counsel and also don't have the availability to meet at the set date due to a conflict of my schedule. ...

[45]  By text orders entered March 19, 2018, the Court granted Plaintiff's motion, canceled the April hearing, and reset the hearing for Monday, July 16, 2018, at 9:00 a.m., before United States Magistrate Judge Robert H. Walker in Courtroom 881 at the United States Courthouse, 2012 15th Street, Gulfport, Mississippi.  Copies of the text orders and resetting of the hearing were mailed to Plaintiff on March 19, 2018, have not been returned undeliverable, and were presumptively received by him.  According to the MDOC web site, Mr. Douglas is no longer an inmate in the MDOC system.  Since Mr. Douglas filed this lawsuit, he has been repeatedly warned by the Court that his failure to keep the Court apprised of his current address or to comply with any order of the Court might result in dismissal of his lawsuit.  See Orders [3], [6], [7], [11], [16], and Text Order of March 19, 2018.

The undersigned waited some forty minutes past the scheduled time for the hearing on July 16, 2018, but Mr. Douglas did not appear, nor has he had any contact with the Court since March 16, 2018.  The undersigned called his name three times in the courtroom and received no response.  Deputy Clerk Ryan went into the hallway outside the courtroom and called his name three times and received no response.  Defendants' Attorneys were present for the hearing at the appointed time, and remained until Court adjourned well-after the scheduled hearing time.

**RECOMMENDATION**

Based on the foregoing, the undersigned recommends that this case be dismissed due to Plaintiff's failure to comply with the Court's orders and to appear for the July 16, 2018 hearing.

**NOTICE OF RIGHT TO APPEAL/OBJECT**

A party has 14 days after service of a copy of this Report and Recommendation to serve and file with the Clerk any written objections to it. *L.U.Civ.R.* 72(a)(3). An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects; the District Court need not consider frivolous, conclusive, or general objections. Responses to objections must be filed within seven days after service, or the opposing party must notify the District Judge that he does not intend to respond. One who fails to timely file written objections is barred, except on grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion accepted by the District Court to which he did not object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Signed this the 16th day of July, 2018.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE